ARTHUR J. MAYNARD, Respondent, v. JAMES M. ANDREWS, Appellant.

Third Department, July 2, 1917.

**Motor vehicles — negligence — collision between automobile and motor cycle — evidence not justifying recovery.**

Action to recover for personal injuries received by the plaintiff who, while riding his motorcycle, was struck by the defendant's automobile which came out from a private roadway into the main road over which the plaintiff was riding. It appeared that the plaintiff's machine passed the left-hand front wheel of the defendant's machine and struck the right-hand wheel, breaking the defendant's headlights, and that the plaintiff's motorcycle was uninjured. Evidence examined, and *held*, that a verdict for the plaintiff was against the weight of evidence and that a new trial should be granted.

COCHRANE, J., dissented.

APPEAL by the defendant, James M. Andrews, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 6th day of March, 1917, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 7th day of March, 1917, denying defendant's motion for a new trial made upon the minutes.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the appellant.

*Henry S. Kahn* [*Edward A. Mealy* and *Isaiah Fellows* of counsel], for the respondent.

WOODWARD, J.:

No errors are suggested in the admission or rejection of evidence, and no one questions the charge of the court, and there was a conflict of evidence which, ordinarily, would justify this court in refusing to interfere with the judgment. But it is strenuously urged that the verdict of the jury is against the weight of evidence; and a reading of it, in connection with the photographs, convinces us that the verdict is not supported by that preponderance of evidence which the law demands, and that justice requires that the questions involved should be submitted to another jury.

The plaintiff's complaint alleges that on the 13th day of November, 1915, he was lawfully traveling upon the Collins road, a State highway, in an easterly direction, upon a motorcycle, controlled and operated by himself in a prudent manner, and that as plaintiff approached a certain private roadway, known as the Nelson road, a certain automobile, owned and operated by the defendant, and operated at an unusual and excessive and dangerous rate of speed, suddenly and without warning, came out of said private roadway into said Collins road, and negligently, carelessly and wantonly ran into, upon and against plaintiff and said motorcycle, throwing plaintiff and said motorcycle to the ground with great violence, as a result of which plaintiff sustained injuries, etc. Plaintiff's own evidence is to the effect that he was running his motorcycle at the rate of about twenty miles an hour in an easterly direction along this Collins road, obscured from view by an embankment about eight feet high, and that when within about twenty-five feet of the point of intersection with the Nelson road he saw the top of defendant's car approaching the intersection at the rate of fifteen miles per hour; that he attempted to swerve to the left, where he had an unobstructed roadway, and had passed his forward wheel beyond the track of the approaching automobile, when he was struck by the automobile, and his right leg was broken, no injury resulting to the motorcycle. A motorcycle weighs between 200 and 300 pounds, and it is the plaintiff's own testimony that his motorcycle was running at the rate of five miles per hour at the moment of contact, and that the defendant's car was running at the rate of fifteen miles per hour; and it is urged, in support

of the judgment, that the fact that the motorcycle was not injured must be accepted as conclusive that the defendant ran into the plaintiff. But if the defendant had run into this motorcycle, striking it as is claimed back of the forward wheel, and practically at its center, while advancing at the rate of fifteen, or ten, miles per hour, it is unthinkable that it would have escaped without injury. The defendant's testimony is that he discovered the plaintiff just as he was within about twenty-five feet of the intersection, that he immediately applied his brakes and brought his car to a standstill with the front wheels just upon the edge of the macadam, which was sixteen feet in width; that the plaintiff was then at a distance of one hundred feet or more to the westward of the intersection, running at the rate of thirty-five to forty-five miles per hour; that the plaintiff swerved to the left, his motorcycle skidding, and that the plaintiff passed defendant's left-hand front wheel and struck the right-hand wheel, breaking the defendant's headlights, and resulting in the plaintiff's injuries; and this seems to us the only explanation consistent with the fact that the motorcycle was uninjured. The contact of the plaintiff's inflated tire with the defendant's front wheel and lights, after the momentum had been reduced to five miles an hour, would produce only a slight shock, and the motorcycle would be uninjured, and the trifling injuries to the defendant's car show that the collision was not of a serious character, except for the unhorsing of the plaintiff and the injury to his leg. But a direct blow from the automobile, going at any rate suggested, would have knocked the machine out of commission, and would certainly have produced much greater injuries to the automobile than any which are shown to have resulted.

With all the probabilities in favor of the defendant's theory, he is supported by the testimony of his wife, who sat upon the front seat with him, and by the testimony of an entirely disinterested witness who saw the accident from a house almost directly opposite the point of contact, and who swears positively that the automobile had come to a standstill just at the edge of the macadam, while the motorcycle was at a distance of more than one hundred feet from the point of collision, and that the plaintiff, in attempting to swerve

to the left, skidded his motorcycle and collided with the defendant's right front wheel, and all the facts fit in with this theory of the accident. Much stress is laid upon the alleged fact that some of the plaintiff's witnesses, who did not see the accident, testify that they found glass, presumably from the defendant's headlights, in the middle of the Collins road, when they came upon the scene, and this is relied upon as confirming the plaintiff's otherwise unsupported story of the accident; but it is to be remembered that the defendant's evidence is to the effect that he had entered upon the macadam a short distance at the time he stopped; that the macadam was sixteen feet in width, and if the collision occurred as the defendant and his witnesses testify it would not be at all surprising if some portions of the glass reached to the center of the highway, some six or seven feet away. But these witnesses were more or less vague; they do not positively fix the location of the glass at the center of the way; it is merely an approximation, and it cannot be said to contradict the positive evidence of eye-witnesses, and the probabilities of the case, that the defendant's car was actually at a standstill for a considerable space of time before the contact.

We are of the opinion that the verdict is against the weight of evidence, and that considerations of justice demand that there be a new trial of the issues in this case.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except Cochrane, J., who dissented.

Judgment and order reversed on law and facts and new trial granted, with costs to appellant to abide event. The court disapproves of the finding that the defendant was guilty of negligence and the plaintiff was free from contributory negligence.